SOUTHERN CALIFORNIA FEDERAL SAVINGS & LOAN ASSOCIATION, So-Cal Holdings, Inc., Arbur, Inc., Larry B. Thrall, Roy Doumani, Preston Martin, William E. Simon, and Gerald L. Parsky, Plaintiffs,

v.

The UNITED STATES of America, Defendant.

Nos. 93–52C, 95–731C.

United States Court of Federal Claims.

Originally Filed: Sept. 24, 2001.

Issued for Publication: Nov. 6, 2001.

Edward L. Lublin, with whom was Lawrence S. Sher, Dyer, Ellis & Joseph, Washington, D.C., for proposed plaintiff intervenors Ariadne Financial Services Pty. Ltd. and Memvale Pty. Ltd.

Jerry Stouck, with whom were Rosemary Stewart and Monica A. Freas, Spriggs & Hollingsworth, Washington, D.C., for plaintiffs Southern California Federal Savings and Loan Association and SoCal Holdings, Inc.

Toni C. Lichstein, with whom was David S. Cohen, Milbank, Tweed, Hadley & McCloy, Washington, D.C., for plaintiffs Arbur, Inc., and William E. Simon, Jr., J. Peter Simon and George Gillespie, III, Executors of the Estate of William E. Simon.

Melvin C. Garbow, with whom were Howard N. Cayne, David B. Bergman, Michael A. Johnson, Ida L. Bostian, Arnold & Porter, Washington, D.C., for plaintiffs Roy Doumani, Preston Martin, and Beverly Thrall.

John C. Millian, Gibson, Dunn & Crutcher, Washington, D.C., for plaintiff Gerald L. Parsky.

David C. Hoffman, Trial Attorney, Commercial Litigation Branch, with whom were Jeanne E. Davidson, Assistant Director, and David M. Cohen, Director, and Stuart E. Schiffer, Acting Assistant Attorney General, Department of Justice, Washington, D.C., for defendant. Delfa Castillo, Kenneth M. Dintzer, and Tonia J. Tornatore, Department of Justice, Washington, D.C., of counsel.

## ORDER

BASKIR, Chief Judge.

### I. Ariadne's Motion to Intervene

The Court today, September 24, 2001, heard Oral Argument on a Motion to Intervene brought by potential plaintiff intervenor Ariadne Financial Services Pty. Ltd. and Memvale Pty. Ltd. (together, "Ariadne"). The Motion is **DENIED,** and their Complaint–in–Intervention **DISMISSED,** for the following interrelated reasons.

■ First, the U.S. Court of Federal Claims dismissed Ariadne's original breach of contract claim as untimely filed. *Plaintiffs in Winstar–Related Cases v. United States,* 37 Fed.Cl. 174, 191 (1997). The Federal Circuit affirmed that holding in *Ariadne Financial Services Pty. Ltd. v. United States,* 133 F.3d 874 (Fed.Cir.1998), *cert. denied,* 525 U.S. 823, 119 S.Ct. 67, 142 L.Ed.2d 53 (1998). A dismissal on statute of limitations grounds constitutes a final judgment on the merits. *RCFC 41(b); Plaut v. Spendthrift Farm, Inc.,* 514 U.S. 211, 228, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995); *Spruill v. Merit Systems Protection Board,* 978 F.2d 679, 686–88 (Fed.Cir.1992); *Martin v. United States,* 30 Fed.Cl. 542, 548–49 (1994). Under the doctrine of *res judicata,* a "final judgment on the merits of an action precludes the parties ... from relitigating issues that were or could have been raised in that action." *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981).

Second, Ariadne's Motion to Intervene, filed on August 7, 1997, was itself filed outside the six-year statute of limitations period provided for in 28 U.S.C. § 2501 (1994) ("Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."). As the Supreme Court has stated, as a sovereign, the United States "is immune from suit save as it consents to be sued." *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058. Accordingly, "when Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied." *Block v. North Dakota ex rel. Board of Univ. and School Lands,* 461 U.S. 273, 287, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983).

■ Third, Ariadne's Complaint–in–Intervention is the same complaint and recites the same causes of action as the time-barred complaint it originally filed in 1996. The Court finds that the Complaint–in–Intervention does not relate back to the Plaintiff's timely filed Complaint under Rule 17(a) of the Rules of the Court of Federal Claims. Accordingly, and for the above reasons, **Ariadne's Rule 24 Motion to Intervene is denied.**

### II. Doumani, Martin and Thrall Motion to Amend Their Complaint

The October 8, 1998, Motion by Plaintiffs Roy Doumani, Preston Martin and Beverly Thrall to Amend the Complaint to add Ariadne as a Plaintiff in the above-captioned matter is **DENIED** as moot.

### III. Defendant's Motion to Transfer

The Government's August 27, 2001, Motion to Transfer the Motion to Intervene of Shareholders Ariadne and Parsky is out-of-order and **DENIED,** without prejudice.

### IV. Scheduling

As discussed in today's [September 24, 2001] Status Conference, **the parties will submit to the Court, no later than November 1, 2001, a Joint Status Report outlining a plan regarding Motions on Damages issues,** as well as a proposed schedule for those motions.

The Court **will hold Oral Argument on the parties' cross motions for Summary Judgment on Tuesday, November 20, 2001, at 10:00 a.m. In addition, the Court will hold a Status Conference immediately following the Oral Argument.** Parties are to appear in person at the U.S. Court of Federal Claims courtroom, the National Courts

Building, 717 Madison Place, N.W., Washington, D.C. 20005.

**IT IS SO ORDERED.**